1 STEPHEN M. HAYES (SBN 83583)
STEPHEN P. ELLINGSON (SBN 136505)
2 HAYES, DAVIS, ELLINGSON, McLAY & SCOTT
203 Redwood Shores Pkwy., Ste. 480
3 Redwood City, California 94065
Telephone: (650) 637-9100
4 Facsimile: (650) 637-8071

5 Attorneys for Defendant
INSURANCE COMPANY OF THE
6 STATE OF PENNSYLVANIA

ORIGINAL
FILED

DEC 1 0 2004

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10

11 KENYON CONSTRUCTION, INC., an Arizona
corp., and KENYON PLASTERING, INC., a
12 California corp.,

13 Plaintiffs,

14 v.

15 AMERICAN SAFETY RISK RETENTION
GROUP, INC., a Vermont corp., AMERICAN
16 SAFETY CASUALTY INSURANCE
COMPANY, a Delaware corp.; THE
17 INSURANCE COMPANY OF THE STATE OF
PENNSYLVANIA, Pennsylvania corp.;
18 LIBERTY MUTUAL INSURANCE COMPANY,
a Massachusetts corp.; AMERICAN
19 GUARANTEE & LIABILITY INSURANCE
COMPANY, a New York corp.; and DOES 1 –
20 15,

21 Defendants.

CASE NO. 04 5266

NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. SECTIONS
1332 AND 1441(a)
[DIVERSITY JURISDICTION];
DEMAND FOR JURY TRIAL

22

23 **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

24 PLEASE TAKE NOTICE that defendant INSURANCE COMPANY OF THE

25 STATE OF PENNSYLVANIA (hereinafter "ISOP") hereby removes to this Court the state action

26 described below:

27 1. ISOP is a defendant in the civil action commenced on November 8, 2004 in the

28 Superior Court of the State of California, County of San Mateo, Case No.

11731 -1-

1    CIV442983, entitled <u>Kenyon Construction v. American Safety Risk Retention</u>

2    <u>Group, Inc., et al.</u>

3    2.    ISOP was served with a copy of the Complaint on November 10, 2004.  A copy of

4    the Complaint is attached hereto as Exhibit "1" and is incorporated as part of this

5    notice.

6    3.    This action is a civil action of which this Court has original jurisdiction under 28

7    U.S.C. section 1332, and is one that may be removed to this Court by ISOP pursuant

8    to the provisions of 28 U.S.C. section 1441, subdivision (a), in that it is a civil action

9    wherein the matter in controversy exceeds the sum of $75,000 exclusive of interest

10    and costs, and is between citizens of different states.  This Court further has

11    jurisdiction under the Declaratory Relief Act, 28. U.S.C. section 2201 in that an

12    actual controversy exists among the parties as alleged in the Complaint.

13    4.    The fact that the amount in controversy exceeds the minimum requirement for

14    diversity jurisdiction can be determined by the nature of the claims and the amount

15    in dispute as described in the Complaint.  Specifically, the Complaint seeks, at a

16    minimum, a declaration (1) reallocating a $995,000 payment by Liberty Mutual

17    under one of several policies (Complaint, ¶¶ 25, 26 and 49), (2) defeating American

18    Safety's alleged contention that plaintiff must pay a $50,000 self insured retention

19    for each house in the project at issue in the Ryland action (Complaint, ¶¶ 47 and 52)

20    and (3) establishing that various insurer defendants had a duty to defend the

21    underlying actions alleged in the complaint when its defense fees and costs allegedly

22    equal or exceed its $1 million SIR aggregate.  (Complaint, ¶¶  50, 51, 54 and 55.)

23    5.    At the time of the commencement of this action, and at all times since, ISOP has

24    been, and still is, a corporation of the State of New York, being incorporated under

25    the laws of New York, and has had and continues to have its principal place of

26    business in New York.  Defendant American Safety Risk Retention Group, Inc. is a

27    Vermont corporation with its principal place of business in Georgia.  (Complaint, ¶

28    3.)  Defendant American Safety Casualty Insurance Company is a Delaware

11731                                              -2-

1   corporation with its principal place of business in Georgia. (Complaint, ¶ 3.)

2   Defendant Liberty Mutual Insurance Company is a Massachusetts corporation with

3   its principal place of business in Massachusetts. (Complaint, ¶ 5.) Defendant

4   American Guarantee & Liability Insurance Company is a New York Corporation

5   with its principal place of business in Illinois. Plaintiff Kenyon Construction, Inc. is

6   an Arizona corporation with its principal place of business in Arizona. (Complaint,

7   ¶ 1.) Plaintiff Kenyon Plastering, Inc. is a California corporation with its principal

8   place of business in Arizona. (Complaint, ¶ 2.)

9   6.   This action was brought in the State of California. None of these corporate

10      defendants were, at the time of the institution of this action, and are not now, a

11      corporation incorporated under the laws of the State of California or the State of

12      Arizona, and none of them had, at the time of the institution of this action, and none

13      of them have now, their principal place of business in California or Arizona.

14   7.   Counsel for all defendants have agreed to join in this Notice of Removal. Attached

15      as Exhibit "2" is a true and correct copy of the Notice of Joinder in Removal from

16      Liberty Mutual Insurance Company. Attached hereto as Exhibit "3" is a true and

17      correct copy of the Notice of Joinder in Removal from American Guarantee &

18      Liability Insurance Company. Attached hereto as Exhibit "4" is a true and correct

19      copy of the Notice of Joinder in Removal from American Safety Risk Retention

20      Group, Inc. and American Safety Casualty Insurance Company.

21   **DEMAND FOR JURY TRIAL**

22   ISOP hereby demands a trial by jury.

23   Dated: December 10, 2004            HAYES, DAVIS, ELLINGSON, McLAY & SCOTT

24

25                                          By

26                                          STEPHEN M. HAYES
                                            STEPHEN P. ELLINGSON
27                                          Attorneys for Defendant
                                            THE INSURANCE COMPANY OF THE
28                                          STATE OF PENNSYLVANIA

11731                                       -3-

# EXHIBIT 1

1  JENNIFER S. COHN (169973)
2  NIELSEN, HALEY & ABBOTT LLP
   44 Montgomery Street, Suite 750
3  San Francisco, California 94104
   Telephone: (415) 693-0900
4  Fax: (415) 693-9674

5  *Attorneys for Plaintiffs,*
6  KENYON CONSTRUCTION, INC.
   and KENYON PLASTERING, INC.

7

ENDORSED FILED
SAN MATEO COUNTY

NOV 0 8 2004

Clerk of the Superior Court
By S. BUCHANAN
DEPUTY CLERK

8
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
             COUNTY OF SAN MATEO – UNLIMITED JURISDICTION
10

11  KENYON CONSTRUCTION, INC.,
12  an Arizona corporation, and KENYON          No.:    CIV 4 4 2 9 8 3
    PLASTERING, INC., a California
13  corporation,

14              Plaintiffs,                     **COMPLAINT FOR**
                                                **DECLARATORY JUDGMENT**
15         v.

16  AMERICAN SAFETY RISK RETENTION
17  GROUP, INC., a Vermont corporation,
    AMERICAN SAFETY CASUALTY
18  INSURANCE COMPANY, a Delaware
    corporation; THE INSURANCE COMPANY
19  OF THE STATE OF PENNSYLVANIA, a
20  Pennsylvania corporation, LIBERTY
    MUTUAL INSURANCE COMPANY, a
21  Massachusetts corporation, AMERICAN
22  GUARANTEE & LIABILITY INSURANCE
    COMPANY, a New York corporation, and
23  Does 1-15,

24              Defendants.
25

26
27      Kenyon Construction, Inc. and Kenyon Plastering, Inc. (sometimes referred to

28  collectively as "Kenyon") allege as follows:

                                        1

**The Parties**

1.     Plaintiff Kenyon Construction, Inc., is an Arizona corporation doing business in California.

2.     Plaintiff Kenyon Plastering, Inc., is a California corporation doing business in California.

3.     Kenyon is informed and believes and thereon alleges that defendant American Safety Risk Retention Group, Inc. ("ASRRG"), is a Vermont corporation and doing business in California.  Kenyon is informed and believes and thereon alleges that defendant American Safety Casualty Insurance Company ("ASCIC") is a Delaware corporation doing business in California.  The insurance policy issued by ASRRG as alleged below was endorsed to include an express guarantee by ASCIC of ASRRG's performance under that policy.  Therefore, all of the allegations and prayers contained in this complaint as to ASRRG apply equally to ASCIC, as ASRRG's guarantor and surety, without any further express allegation as to ASCIC.

4.     Kenyon is informed and believes and thereon alleges that defendant The Insurance Company of the State of Pennsylvania ("ICSOP") is a Pennsylvania corporation with its principal place of business in New York and doing business in California.

5.     Kenyon is informed and believes and thereon alleges that defendant Liberty Mutual Insurance Company ("Liberty") is a Massachusetts corporation with a principal place of business in Massachusetts and doing business in California.

6.     Kenyon is informed and believes and thereon alleges that defendant American Guarantee & Liability Insurance Company ("American Guarantee") is a New York corporation doing business in California.

7.     Kenyon is unable to ascertain the true names and identities of those defendants fictitiously designated as Does 1 through 15, inclusive, and therefore names said defendants fictitiously pursuant to C.C.P. § 474.  Kenyon will pray leave of court to

2

1   amend this complaint and all subsequent pleadings to insert the true names and

2   capacities of these fictitiously named defendants when ascertained.  The allegations and

3   controversies alleged below with respect to the named defendants apply equally to Does

4   1 through 15.

5                        **Kenyon's Insurance Program**

6       8.     Kenyon's liability insurance program is described below.  The allegations

7   below regarding the program and various insurance policies only are descriptive only

8   and do not supersede the actual terms of the policies.  Each of the Liberty primary

9   policies was subject to limits of $1 per occurrence, $2 million for completed operations,

10  and $2 million in the aggregate; the ASRRG policy was subject to limits of  $1 per

11  occurrence, $1 million for completed operations, and $2 million in the aggregate.  The

12  umbrella or excess policies were subject to varying limits.  The following chart

13  illustrates Kenyon's program from July 1, 1995, through July 1, 2001:

14

| 7/1/95 -7/1/96 | 7/1/96 -7/1/97 | 7/1/97- 7/1/98 | 7/1/98- 7/1/99 | 7/1/99- 7/1/00 | 7/1/00- 7/1/01 |
|---|---|---|---|---|---|
| Liberty umbrella excess policy no. TH1-161-037184-025/4 | Liberty umbrella excess policy no. TH1-161-037184-026/0 | Liberty umbrella excess policy no. TH1-161-037184-027/8. | American Guarantee umbrella excess policy no. AUO-2878840-01 | ICSOP umbrella excess policy no. 4299-6606. | National Union umbrella excess policy no. BE 7398517 or AISLIC no. 3468208 |
| Liberty primary policy no. TB7-161-037184-015 | Liberty primary policy no. TB7-161-037184-016 | Liberty primary policy no. TB7-161-037184-017 | Liberty primary policy no. TB7-161-037184-018 | Liberty primary policy no. TB7-161-037184-019 | ASRRG primary policy no. XGI-00-1747-001 |
| ("the 1st Liberty primary policy") | ("the 2nd Liberty primary policy") | ("the 3rd Liberty primary policy") | ("the 4th Liberty primary policy") | ("the 5th Liberty primary policy") | ("the ASRRG primary policy") |

3

**The Liberty Primary Policies**

9.    As indicated in the chart in Paragraph 8, in return for premiums paid by Kenyon, Liberty issued five consecutive primary policies to Kenyon (the "Liberty primary policies"). The policy numbers, effective dates, and policy limits for each of the Liberty primary policies are set forth in Paragraph 8.

10.    Under each of the Liberty primary policies, Liberty agreed to indemnify Kenyon for sums Kenyon becomes legally obligated to pay as damages because of property damage occurring during the policy period.

11.    Under each of the Liberty primary policies, Liberty agreed to defend Kenyon against claims potentially alleging that Kenyon is legally obligated to pay damages because of property damage occurring during the policy period.

**The ASRRG Primary Policy**

12.    As indicated in the chart in Paragraph 8, in return for premiums paid by Kenyon, ASRRG issued a primary policy to Kenyon (the "ASRRG primary policy"). The policy number, effective dates, and policy limits for the ASRRG primary policy are set forth in Paragraph 8.

13.    Under the ASRRG primary policy, ASRRG agreed to indemnify Kenyon for sums Kenyon becomes legally obligated to pay as damages because of property damage caused by an occurrence, if the property damage occurs during the policy period.

14.    Under the ASRRG primary policy, ASRRG agreed to defend Kenyon against claims potentially alleging that Kenyon is legally obligated to pay damages because of property damage occurring during the policy period.

15.    The ASRRG policy includes an endorsement (form number ES 98 03 08 99) entitled "Amended Definitions Endorsement, Occurrence or Duty to Defend" (the "amended-definitions endorsement"). This endorsement states in part that property damage that "commenced prior to the effective date of [the] insurance will be deemed to have happened prior to, and not during, the term of [the] insurance."

4

16.    The ASRRG policy includes an endorsement (form number ES 98 08 08 99) entitled "Pre-Existing Injury or Damage Exclusion" (the "pre-existing-injury exclusion") that generally and without admission thereof purports to exclude coverage for property damage commencing before the policy period, as provided in the endorsement.

17.    The ASRRG policy includes a "Self-Insured Retention" endorsement (form number ES 98 01 08 99). This endorsement generally and without admission thereof provides that the policy is subject to a self-insured retention ("SIR") of $50,000 per occurrence, with a $1 million overall SIR aggregate.

18.    The ASRRG includes an "Other Insurance Amendatory Endorsement" under form ES 98 06 08 99 (the "other-insurance endorsement") that generally and without admission thereof purports to modify the policy's other-insurance clause to render the ASRRG policy excess over any other insurance available to Kenyon whether primary, excess, contingent or on any other basis and regardless of the nature, kind, date of issuance, or limits of such other insurance.

### The ICSOP Excess Policy

19.    As indicated in the chart in Paragraph 8, in return for premiums paid by Kenyon, ICSOP issued an excess policy to Kenyon. The policy number and effective dates for the ICSOP excess policy are set forth in Paragraph 8.

20.    The ICSOP policy requires that ICSOP indemnify Kenyon for sums Kenyon becomes legally obligated to pay as damages because of property damage occurring during the policy period, but only if the underlying policy limits have been exhausted.

21.    The ICSOP policy requires that ICSOP defend Kenyon against claims alleging that Kenyon potentially is legally obligated to pay damages because of property damage occurring during the policy period, but only if the underlying policy limits have been exhausted.

5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## The Villas Action

22.    On or about November 17, 2003, Kenyon Plastering, Inc. was named a defendant in an eighth amended complaint filed by Villas on Travis Condominium Owners' Association, Inc. in the action styled *Villas on Travis Condominium Owners' Association, Inc. v. Villas by Renaissance, Ltd., et al.*, action no. GN102070, in the 53rd Judicial District Court of Travis County, Texas (the "Villas action").

23.    The Villas action arose *inter alia* from property damage at a condominium project allegedly caused by the supposedly defective workmanship of Kenyon and others.

24.    Liberty agreed to defend Kenyon in connection with the Villas action under one or more of the Liberty primary policies.

25.    During the course of the Villas action, defense counsel hired by Liberty to defend Kenyon moved for total or partial summary judgment against the plaintiffs, arguing that the Villas action was barred under the applicable statute of limitations.  In this motion, Kenyon asserted *inter alia* that the property damage at the Villas project began in February 1997 and that plaintiffs' claim against Kenyon was therefore time-barred.  The court in the Villas action orally granted the motion.  Before any motion to reconsider or any appeal from the ruling, Liberty paid Villas plaintiffs $995,000 to resolve all claims against Kenyon in the Villas action.

26.    Liberty allocated its entire $995,000 payment to the fifth Liberty primary policy.

## The Gardens Action

27.    On or about June 2, 2003, Kenyon Plastering, Inc. and Kenyon Construction, Inc. were named as third-party defendants in a third-party complaint filed by Browning Construction, Inc. in the action styled *Garden Partners, Ltd. v. Browning Construction Co., et al.*, action no. GN101740, in the 200th Judicial District Court of Travis County Texas, relating to a condominium complex known as the Gardens at West

6

Seventh ("the Gardens action").

28.    On or about May 10, 2004, Kenyon Plastering, Inc. a/k/a Kenyon Construction, Inc. was named as a defendant in a first-amended complaint filed by the Gardens at West Seventh Homeowners Association, Inc. and others in the Gardens action.

29.    The above-referenced first-amended complaint alleges *inter alia* that Kenyon and others negligently caused property damage to the condominium complex, and Browning's third-party complaint alleges that Kenyon and others owe Browning contribution or indemnity for Browning's liability, if any, in the Gardens action.

30.    Kenyon is informed and believes that the alleged property damage potentially occurred during the fourth Liberty primary policy period through the ASRGG policy period.

31.    Kenyon has requested that Liberty, ICSOP, ASRRG, and Does 1-5 provide it with a defense and indemnity against the third-party complaint and first-amended complaint in the Gardens action.

32.    Liberty initially agreed to provide Kenyon with such a defense, but later withdrew its defense, claiming, as Kenyon understands it, that the 5th Liberty policy was exhausted through the payment of other claims, including the settlement of the Villas action.

33.    Thus far, ICSOP, ASRRG, and Does 1-5 have each refused to provide Kenyon with a defense or indemnity against the third-party complaint and first-amended complaint in the Gardens action.

34.    In refusing to provide Kenyon with a defense, ICSOP has asserted, in part, that Liberty's 5th year policy is not actually exhausted because Liberty was wrong to allocate its entire settlement payment in the Villas action to the 5th Liberty primary policy.

35.    ASRRG has asserted, in part, that the other-insurance endorsement in its

7

1   policies may eliminate Kenyon's right to coverage.

2        36.    ASRRG also has asserted that, because Kenyon completed its work on the

3   condominium project before the first ASRRG primary policy incepted, the pre-existing-

4   injury exclusion and amended-definitions endorsement eliminate any potential for

5   coverage.

6                              **The Ryland Action**

7        37.    On or about September 19, 2003, Ryland Homes of California, Inc. named

8   Kenyon Plastering, Inc. as a defendant in a complaint in the action styled *Ryland Homes*

9   *of California v. Kenyon Construction, et al.*, action no. CIV434221, Superior Court of

10   the State of California, San Mateo County (the "Ryland action").

11        38.    The plaintiffs in the Ryland action allege that Kenyon negligently caused

12   property damage to various homes at a multi-home construction project in Pacifica.

13        39.    Kenyon is informed and believes that the alleged property damage

14   potentially occurred during the fifth Liberty primary policy period through the ASRRG

15   policy period.

16        40.    Kenyon has requested that Liberty, ICSOP, ASRRG, and Does 6-10

17   provide it with a defense and indemnity against the third-party complaint and first-

18   amended complaint in the Ryland action.   In addition, per ASRRG's request, on or

19   about May 2004, Kenyon mailed ASRRG a $50,000 check, representing the $50,000 SIR

20   under the first ASRRG primary policy.  ASRRG cashed this check shortly thereafter.

21        41.    Liberty initially agreed to provide Kenyon with a defense in the Ryland

22   action, but later withdrew, claiming, as Kenyon understands it, that the 5th Liberty policy

23   was exhausted through the payment of other claims, including the settlement of the

24   Villas action.

25        42.    Thus far, ICSOP and Does 6-10 have each failed to provide Kenyon with a

26   defense or indemnity against the third-party complaint and first-amended complaint in

27   the Ryland action.

28

8

43.     In refusing to provide Kenyon with a defense, ICSOP has asserted, in part, that Liberty's 5th year policy is not actually exhausted, i.e., that Liberty was wrong to allocate its entire settlement payment in the Villas action to the 5th Liberty primary policy.

44.     As for ASRRG, on or about May 16, 2003, its coverage counsel sent a letter to Kenyon, stating that ASRRG would not provide Kenyon with a defense in the Ryland action. On or about July 23, 2004, after many communications between Kenyon and ASRRG and their respective coverage counsel concerning ASRRG's refusal to defend, ASRRG's coverage counsel sent another letter, advising *inter alia* that ASRRG would provide Kenyon with a defense "if all other carriers have properly withdrawn their defense," and that "ASRRG has reserved and is reserving all of its rights under the policy," as well as the "right to withdraw its defense at any point in time it becomes apparent there is no longer a duty to defend." As of September 2004, however, ASRRG had yet to retain any defense counsel on Kenyon's behalf. On or about September 30, 2004, ASRRG's coverage counsel advised Kenyon that ASRRG intended to revisit the coverage position set forth in its letter of July 23, 2004, and thus was not prepared to retain counsel to defend Kenyon. In or about October 2004, ASRRG's coverage counsel sent yet another letter, advising of ASRRG's agreement to retain defense counsel after all. Thus far, however, ASRRG has not actually paid any defense fees and costs. Moreover, as noted, ASRRG's agreement to defend Kenyon is under reservation of rights.

45.     In the meantime, ASRRG has asserted that the other-insurance endorsement in its policies may eliminate Kenyon's right to coverage.

46.     ASRRG also has asserted that, for those homes on which Kenyon completed its work before the first ASRRG primary policy incepted, the pre-existing-injury exclusion and amended-definitions endorsement eliminate any potential for coverage.

47.   ASRRG also has asserted *inter alia* that: (a) as a condition of coverage, Kenyon may be required to pay a separate $50,000 SIR for each home at issue in the Ryland action, rather than a single $50,000 SIR for the entire claim; (b) under the policies, ASRRG may apply Kenyon's $50,000 SIR payment not only toward any settlement or judgment, but also toward fees and costs incurred defending Kenyon; and (c) ASRRG need not provide Kenyon with a credit toward its $50,000 SIR (or $1 million SIR aggregate) for defense-costs payments made by Kenyon before ASRRG begins defending Kenyon.

## First Cause of Action for Declaratory Relief
(all defendants)

48.   Actual controversies have arisen and now exist among Kenyon, Liberty, ASRRG, ICSOP, American Guarantee, and Does 1-10, as set forth below.

### First Controversy:
Whether Liberty properly allocated its payment of the Villas settlement solely to the 5th Liberty primary policy.

49.   Kenyon contends that Liberty erred in allocating its settlement payment in the Villas action solely to the 5th Liberty primary policy, and that some portion of Liberty's payment should be reallocated to the second, third, and fourth Liberty primary policies.   Kenyon is informed and believes that Liberty and American Guarantee contend or will contend to the contrary.

### Second Controversy:
Whether one or more of the defendant insurers
owe a duty to defend Kenyon in the Ryland action

50.   Kenyon contends that (a) Liberty owes a duty to defend all claims against Kenyon in the Ryland action; or (b) ASRRG owes Kenyon a duty to defend all claims against Kenyon in the Ryland action; or (c) that ICSOP owes Kenyon a duty to defend all

10

1  claims against Kenyon in the Ryland action; or (d) Does 6-10 owe Kenyon a duty to
2  defend all claims against Kenyon in the Ryland action, or (e) some combination of
3  Liberty, ASRRG, ICSOP, and Does 6-10 owe Kenyon a duty to defend all claims asserted
4  against Kenyon in the Ryland action.  Kenyon is informed and believes that each among
5  Liberty, ICSOP, ASRRG, and Does 6-10 contends, or will contend, that it owes no duty to
6  defend Kenyon against any claim in the Ryland action.
7
8                              Third Controversy:
9              Whether one or more of the defendant insurers
               owe a duty to defend Kenyon in the Gardens action
10         51.  Kenyon contends that (a) Liberty owes a duty to defend Kenyon against all
11  claims against Kenyon in the Gardens action; or (b) ASRRG owes Kenyon a duty to
12  defend all claims against Kenyon in the Gardens action; or (c) ICSOP owes Kenyon a duty
13  to defend all claims against Kenyon in the Gardens action; or (d) Does 1-5 owe Kenyon a
14  duty to defend all claims against Kenyon in the Gardens action, or (e) some combination
15  of Liberty, ASRRG, ICSOP, and Does 1-5 owe Kenyon a duty to defend all claims against
16  Kenyon in the Gardens action.  Kenyon is informed and believes that each among Liberty,
17  ASRRG, ICSOP, and Does 1-5 contends that it owes no duty to defend Kenyon against
18  any claim in the Gardens action.
19
20                              Fourth Controversy:
21   Whether, as a condition of ASRRG's defense obligation in the Ryland action, Kenyon
                     must pay ASRRG more than one $50,000 SIR
22         52.  Kenyon contends that, under the ASRRG policies, it is required to pay only
23  one $50,000 SIR in connection with the Ryland action.  Kenyon is informed and believes
24  that ASRRG contends that, as a condition of its defense obligation in the Ryland action,
25  Kenyon may be required to pay a separate $50,000 SIR for each home at issue in the
26  Ryland action.
27
28                              Fifth Controversy:

                                      11

<u>Whether, in the Ryland action and the Gardens action, ASRRG may apply
Kenyon's SIR payment toward defense costs.</u>

53.   Kenyon contends that, with respect to the Ryland action, the Gardens action, and any other action for which ASRRG owes coverage to Kenyon,  the ASRRG policies permit ASRRG to apply Kenyon's SIR payment only toward a settlement or satisfaction of a judgment in the action, not toward fees and costs incurred defending Kenyon against the action.  Kenyon is informed and believes that ASRRG contends to the contrary.

<u>Sixth Controversy:</u>
<u>Whether, in the Ryland action and the Gardens action, Kenyon should receive a credit
toward ASRRG's $50,000 SIR and $1 million SIR Aggregate based on
Kenyon's costs incurred before requesting that ASRRG defend.</u>

54.   Kenyon contends that, with respect to the Ryland action, the Gardens action, and any other action for which ASRRG ultimately owes a duty to defend Kenyon, the ASRRG policies require that ASRRG provide Kenyon with a credit toward the $50,000 SIR and $1 million SIR aggregate for any and all reasonable defense fees and costs incurred by Kenyon to defend the action before Kenyon requests that ASRRG provide it with a defense in the action.  Alternatively, Kenyon contends that ASRRB must reimburse Kenyon for such fees and costs.  Kenyon is informed and believes that ASRRG contends to the contrary.

<u>Seventh Controversy:</u>
<u>Whether, in the Ryland action and the Gardens action, Kenyon should receive a credit
toward ASRRG's $50,000 SIR and $1 million SIR Aggregate based on
Kenyon's costs incurred after requesting that ASRRG defend.</u>

55.   Kenyon contends that, with respect to the Ryland action, the Gardens action, and any other action for which ASRRG ultimately owes a duty to defend Kenyon, the ASRRG policies require that ASRRG provide Kenyon with a credit toward the $50,000 SIR and $1 million SIR aggregate for any and all reasonable defense fees and costs incurred by Kenyon to defend the action between the time that Kenyon first requests that ASRRG provide it with a defense in the action and the time that ASRRG begins

12

1  providing such a defense.  Alternatively, Kenyon contends that ASRRB must reimburse

2  Kenyon for such fees and costs.  Kenyon is informed and believes that ASRRG contends

3  to the contrary.

4

5                              Eighth Controversy:
6          Application of ASRRG's pre-existing-injury exclusion and
                         amended-definitions endorsement.

7      56.    Kenyon is informed and believes that ASRRG contends that the pre-

8  existing-injury exclusion and amended-definitions endorsement eliminate any potential

9  for coverage with respect to homes or other buildings (including condominium

10  complexes) on which Kenyon completed its work before the ASRRG primary policy

11  incepted.  Kenyon contends to the contrary.

12      57.    Kenyon requests this court to make and enter its binding judicial

13  declarations in accordance with Kenyon's contentions set forth above, and otherwise

14  generally to declare the rights and obligations of the parties hereto under the various

15  insurance policies alleged in this complaint with respect to the rights and duties of any or

16  all of the parties hereto with regard to the Gardens and Ryland actions.

17

18      WHEREFORE, Kenyon prays for judgment as follows:

19      a.    That the court make and enter its binding judicial declarations of the

20  respective rights and duties of the parties in accordance with Kenyon's contentions set

21  forth above;

22      b.    That Kenyon be awarded its costs of suit incurred herein; and

23

24  \\\\

25  \\\\

26

27

28

                                13

1        c.      For such other and further relief as the court deems just and proper.

2

3

4                               NIELSEN, HALEY & ABBOTT LLP

5

6

7   November 8, 2004         By:_____

8                              Jennifer S. Cohn
                              Attorney for Plaintiffs

9                             KENYON CONSTRUCTION, INC. and

10                            KENYON PLASTERING, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

,12/07/2004  00:17   310-8244548                    KERN & WOOLEY                              PAGE  02/03

1 | Ronald J. Skocypec, Esq. (SBN 072690)
2 | KERN AND WOOLEY LLP
  | 10900 Wilshire Boulevard, 11th Floor
3 | Los Angeles, California 90024-6501
  | Telephone (310) 824-1777
4 | Facsimile (310) 824-0892

5 | Attorneys for Defendant
  | LIBERTY MUTUAL INSURANCE COMPANY

6

7

8 |                UNITED STATES DISTRICT COURT

9 |              NORTHERN DISTRICT OF CALIFORNIA

10

11 | KENYON CONSTRUCTION, INC.,          CASE NO.
   | an Arizona corporation, and
12 | KENYON PLASTERING, INC., a
   | California corporation,             LIBERTY MUTUAL
13 |                                     INSURANCE COMPANY'S
   |                 Plaintiff,          NOTICE OF JOINDER IN
14 |                                     REMOVAL OF CIVIL ACTION
   | v.
15 |
   | AMERICAN SAFETY RISK
16 | RETENTION GROUP, INC., a
   | Vermont corporation, AMERICAN
17 | SAFETY CASUALTY INSURANCE
   | COMPANY, a Delaware
18 | corporation, THE INSURANCE
   | COMPANY OF PENNSYLVANIA, a
19 | Pennsylvania corporation,
   | LIBERTY MUTUAL INSURANCE
20 | COMPANY, a Massachusetts
   | corporation, AMERICAN
21 | GUARANTEE & LIABILITY
   | INSURANCE COMPANY, a New
22 | York corporation, and Does 1-15,

23 |                 Defendants.

24

25

26

27

28

                                    1

KERN AND WOOLEY
LLP

1    Defendant Liberty Mutual Insurance Company hereby joins in co-
2    defendant Insurance Company of the State of Pennsylvania's Notice of
3    Removal of Civil Action Under 28 U.S.C. Sections 1332 and 1441(a)
4    [Diversity Jurisdiction].
5
6
7    DATED: December 7, 2004          KERN AND WOOLEY LLP
8
9                                     By: _____
10                                        RONALD J. SKOCYPEC
11                                     Attorneys for Defendant
12                                     LIBERTY MUTUAL INSURANCE
                                       COMPANY
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

NOTICE OF JOINDER IN REMOVAL OF CIVIL ACTION

KERN AND WOOLEY
LLP

**CASE NAME:**    Kenyon Const., Inc. v. American Safety Risk Retention Group, Inc., et al.
**ACTION NO.:**

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Ste. 480, Redwood Shores, California 94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

### LIBERTY MUTUAL INSURANCE COMPANY'S
### NOTICE OF JOINDER IN REMOVAL OF CIVIL ACTION

☐   (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

Jennifer S. Cohn, Esq.
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery St., Ste. 750
San Francisco, CA 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

**Attorneys for Plaintiffs**
**KENYON CONSTRUCTION, INC. and**
**KENYON PLASTERING, INC.**

Debra Puebla, Esq.
SINNOTT, DITO, MOURA & PUEBLA
707 Wilshire Blvd., Ste. 3200
Los Angeles, CA 90017
Telephone: (213)996-4200
Facsimile: (213) 892-8322

**Attorneys for Defendant**
**AMERICAN GUARANTEE &**
**LIABILITY INSURANCE COMPANY**

Hank Weinblatt, Esq.
DALE, BRADEN & HINCHCLIFFE
3415 S. Sepulveda Blvd., 9th Floor
Los Angeles, CA 90034
Telephone: (310) 398-5517
Facsimile: (310) 398-5317

**Attorneys for Defendant**
**AMERICAN SAFETY RISK**
**RETENTION GROUP, INC.**

Ronald Skocypec, Esq.
KERN & WOOLEY LLP
10900 Wilshire Blvd., 11th Floor
Los Angeles, CA 90024
Telephone: (310) 824-1777
Facsimile: (310) 824-4548

**Attorneys for Defendant**
**LIBERTY MUTUAL INSURANCE**
**COMPANY**

☒   *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 10, 2004, at Redwood City, California.

Abigail Bowman

11745

# EXHIBIT 3

1  DEBRA PUEBLA (SBN 126934)
   SINNOTT, DITO, MOURA & PUEBLA
2  707 Wilshire Blvd., Ste. 3200
   Los Angeles, CA 90017
3  Telephone: (213)996-4200
   Facsimile: (213) 892-8322
4
   Attorneys for Defendant
5  AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY

6

7                  UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9   KENYON CONSTRUCTION, INC., an Arizona       CASE NO.
    corp., and KENYON PLASTERING, INC., a
10  California corp.,

11              Plaintiffs,
                                                AMERICAN GUARANTEE &
12      v.                                      LIABILITY INSURANCE COMPANY'S
                                                NOTICE OF JOINDER IN REMOVAL
13  AMERICAN SAFETY RISK RETENTION              OF CIVIL ACTION
    GROUP, INC., a Vermont corp., AMERICAN
14  SAFETY CASUALTY INSURANCE
    COMPANY, a Delaware corp.; THE
15  INSURANCE COMPANY OF THE STATE OF
    PENNSYLVANIA, Pennsylvania corp.;
16  LIBERTY MUTUAL INSURANCE COMPANY,
    a Massachusetts corp.; AMERICAN
17  GUARANTEE & LIABILITY INSURANCE
    COMPANY, a New York corp.; and DOES 1 –
18  15,

19              Defendants.

20

21      Defendant American Guarantee & Liability Insurance Company, hereby joins in co-

22  defendant Insurance Company of the State of Pennsylvania's Notice of Removal of Civil Action

23  Under 28 U.S.C. Section 1332 and 1441(a) [Diversity Jurisdiction].

24  Dated: December _____, 2004        SINNOTT, DITO, MOURA & PUEBLA

25

26                                     By _____
27                                        DEBRA PUEBLA
                                          Attorneys for Defendant
28                                        AMERICAN GUARANTEE & LIABILITY INS.
                                          COMPANY

    11735
                                       -1-
                      NOTICE OF JOINDER IN REMOVAL OF CIVIL ACTION

**CASE NAME:**     **Kenyon Const., Inc. v. American Safety Risk Retention Group, Inc., et al.**
**ACTION NO.:**

## PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Ste. 480, Redwood Shores, California  94065.  I am employed in the County of San Mateo where this service occurs.  I am over the age of 18 years, and not a party to the within cause.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

### AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY'S NOTICE OF JOINDER IN REMOVAL OF CIVIL ACTION

☐     (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒     (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

| | |
|---|---|
| Jennifer S. Cohn, Esq.<br>NIELSEN, HALEY & ABBOTT LLP<br>44 Montgomery St., Ste. 750<br>San Francisco, CA 94104<br>Telephone: (415) 693-0900<br>Facsimile: (415) 693-9674 | Hank Weinblatt, Esq.<br>DALE, BRADEN & HINCHCLIFFE<br>3415 S. Sepulveda Blvd., 9th Floor<br>Los Angeles, CA 90034<br>Telephone: (310) 398-5517<br>Facsimile: (310) 398-5317 |
| **Attorneys for Plaintiffs**<br>**KENYON CONSTRUCTION, INC. and**<br>**KENYON PLASTERING, INC.** | **Attorneys for Defendant**<br>**AMERICAN SAFETY RISK**<br>**RETENTION GROUP, INC.** |
| Debra Puebla, Esq.<br>SINNOTT, DITO, MOURA & PUEBLA<br>707 Wilshire Blvd., Ste. 3200<br>Los Angeles, CA 90017<br>Telephone: (213)996-4200<br>Facsimile: (213) 892-8322 | Ronald Skocypec, Esq.<br>KERN & WOOLEY LLP<br>10900 Wilshire Blvd., 11th Floor<br>Los Angeles, CA 90024<br>Telephone: (310) 824-1777<br>Facsimile: (310) 824-4548 |
| **Attorneys for Defendant**<br>**AMERICAN GUARANTEE &**<br>**LIABILITY INSURANCE COMPANY** | **Attorneys for Defendant**<br>**LIBERTY MUTUAL INSURANCE**<br>**COMPANY** |

☒     *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 10, 2004, at Redwood City, California.

*Abigail Bowman*
Abigail Bowman

11745

# EXHIBIT 4

1 | HANK WEINBLATT (SBN 117308)
  | DALE, BRADEN & HINCHCLIFFE
2 | 3415 S. Sepulveda Blvd., 9th Floor
  | Los Angeles, CA 90034
3 | Telephone: (310) 398-5517
  | Facsimile: (310) 398-5317
4 |
  | Attorneys for Defendant
5 | AMERICAN SAFETY RISK RETENTION GROUP, INC.

6 |                 UNITED STATES DISTRICT COURT

7 |                NORTHERN DISTRICT OF CALIFORNIA

8 |

9 | KENYON CONSTRUCTION, INC., an Arizona     CASE NO.
  | corp., and KENYON PLASTERING, INC., a
10| California corp.,

11|              Plaintiffs,                  AMERICAN SAFETY RISK
  |                                           RETENTION GROUP INC.'S NOTICE
12|      v.                                   OF JOINDER IN REMOVAL OF CIVIL
  |                                           ACTION
13| AMERICAN SAFETY RISK RETENTION
  | GROUP, INC., a Vermont corp., AMERICAN
14| SAFETY CASUALTY INSURANCE
  | COMPANY, a Delaware corp.; THE
15| INSURANCE COMPANY OF THE STATE OF
  | PENNSYLVANIA, Pennsylvania corp.;
16| LIBERTY MUTUAL INSURANCE COMPANY,
  | a Massachusetts corp.; AMERICAN
17| GUARANTEE & LIABILITY INSURANCE
  | COMPANY, a New York corp.; and DOES 1 –
18| 15,

19|              Defendants.

20|
21|         Defendant American Safety Risk Retention Group, Inc. hereby joins in co-defendant
22| Insurance Company of the State of Pennsylvania's Notice of Removal of Civil Action Under 28
23| U.S.C. Section 1332 and 1441(a) [Diversity Jurisdiction].

24| Dated: December ___10___, 2004          DALE, BRADEN & HINCHCLIFFE
25|
26|                                          By_____
27|                                             HANK WEINBLATT
  |                                             Attorneys for Defendant
28|                                             AMERICAN SAFETY RISK RETENTION
  |                                             GROUP, INC.

11734                                -1-

**CASE NAME:**   Kenyon Const., Inc. v. American Safety Risk Retention Group, Inc., et al.
**ACTION NO.:**

### PROOF OF SERVICE

I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Ste. 480, Redwood Shores, California  94065.  I am employed in the County of San Mateo where this service occurs.  I am over the age of 18 years, and not a party to the within cause.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

**AMERICAN SAFETY RISK RETENTION GROUP INC.'S NOTICE OF JOINDER IN REMOVAL OF CIVIL ACTION**

☐   (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒   (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

Jennifer S. Cohn, Esq.
NIELSEN, HALEY & ABBOTT LLP
44 Montgomery St., Ste. 750
San Francisco, CA 94104
Telephone: (415) 693-0900
Facsimile: (415) 693-9674

**Attorneys for Plaintiffs**
**KENYON CONSTRUCTION, INC. and**
**KENYON PLASTERING, INC.**

Hank Weinblatt, Esq.
DALE, BRADEN & HINCHCLIFFE
3415 S. Sepulveda Blvd., 9th Floor
Los Angeles, CA 90034
Telephone: (310) 398-5517
Facsimile: (310) 398-5317

**Attorneys for Defendant**
**AMERICAN SAFETY RISK**
**RETENTION GROUP, INC.**

Debra Puebla, Esq.
SINNOTT, DITO, MOURA & PUEBLA
707 Wilshire Blvd., Ste. 3200
Los Angeles, CA 90017
Telephone: (213)996-4200
Facsimile: (213) 892-8322

**Attorneys for Defendant**
**AMERICAN GUARANTEE &**
**LIABILITY INSURANCE COMPANY**

Ronald Skocypec, Esq.
KERN & WOOLEY LLP
10900 Wilshire Blvd., 11th Floor
Los Angeles, CA 90024
Telephone: (310) 824-1777
Facsimile: (310) 824-4548

**Attorneys for Defendant**
**LIBERTY MUTUAL INSURANCE**
**COMPANY**

☒   *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on December 10, 2004, at Redwood City, California.

Abigail Bowman

11745

**PROOF OF SERVICE**

**CASE NAME:**    **Kenyon Const., Inc. v. American Safety Risk Retention Group, Inc., et al.**
**ACTION NO.:**

## PROOF OF SERVICE

     I am a citizen of the United States. My business address is 203 Redwood Shores Pkwy., Ste. 480, Redwood Shores, California  94065. I am employed in the County of San Mateo where this service occurs. I am over the age of 18 years, and not a party to the within cause.  I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

     On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

### NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. SECTIONS 1332 AND 1441(a) [DIVERSITY JURISDICTION]; DEMAND FOR JURY TRIAL

☐    (BY FAX) by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below, or as stated on the attached service list, on this date before 5:00 p.m.

☒    (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Redwood City, California.

| | |
|---|---|
| Jennifer S. Cohn, Esq.<br>NIELSEN, HALEY & ABBOTT LLP<br>44 Montgomery St., Ste. 750<br>San Francisco, CA 94104<br>Telephone: (415) 693-0900<br>Facsimile: (415) 693-9674 | Hank Weinblatt, Esq.<br>DALE, BRADEN & HINCHCLIFFE<br>3415 S. Sepulveda Blvd., 9th Floor<br>Los Angeles, CA 90034<br>Telephone: (310) 398-5517<br>Facsimile: (310) 398-5317 |
| **Attorneys for Plaintiffs**<br>**KENYON CONSTRUCTION, INC. and**<br>**KENYON PLASTERING, INC.** | **Attorneys for Defendant**<br>**AMERICAN SAFETY RISK**<br>**RETENTION GROUP, INC.** |
| Debra Puebla, Esq.<br>SINNOTT, DITO, MOURA & PUEBLA<br>707 Wilshire Blvd., Ste. 3200<br>Los Angeles, CA 90017<br>Telephone: (213)996-4200<br>Facsimile: (213) 892-8322 | Ronald Skocypec, Esq.<br>KERN & WOOLEY LLP<br>10900 Wilshire Blvd., 11th Floor<br>Los Angeles, CA 90024<br>Telephone: (310) 824-1777<br>Facsimile: (310) 824-4548 |
| **Attorneys for Defendant**<br>**AMERICAN GUARANTEE &**<br>**LIABILITY INSURANCE COMPANY** | **Attorneys for Defendant**<br>**LIBERTY MUTUAL INSURANCE**<br>**COMPANY** |

☒    *(Federal)* I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

     Executed on December 10, 2004, at Redwood City, California.

                                 Abigail Bowman

11745